*35 OPINION.
TRamMell.
We think that the facts conclusively show that the petitioner ascertained that the above mentioned debts were worthless during the taxable year and the only real question in our opinion is whether they were charged off within the meaning of the statute. We think that the evidence shows that the action taken subsequent to the close of 1924 indicates that the petitioner intended to make bookkeeping entries as of December 31, 1924, in order to reflect its true income for that period. The voucher prepared by the president of the corporation was dated January 31,1924,'but it appears merely to have been a typographical error. The bookkeeper was instructed to enter the voucher disclosing the bad debts as of December 31, 1924, and erroneously made the entry under date of January 31,1925.
The debts were listed by name and, while the offsetting credit was designated “ Eeserve,” we think that the entries made are sufficient to indicate a purpose to charge off the accounts. The method of charge-off in this case is not materially different from that approved by us in O. S. Stapley Co., 13 B. T. A. 557, and McMinnville Manufacturing Co., 19 B. T. A. 486, and finds support in the case of Zebulon Vance Pate, 13 B. T. A. 1236.

Judgment will be entered under Buie 50.